**F I L E D**

MAR 2 7 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **15 CR 155** |
| v. | ) | |
| JOSEPH W. CAMPBELL | ) | Violation: Title 18, United States Code, Sections 152(3) and 157(1) |

**JUDGE LEINENWEBER**

**MAGISTRATE JUDGE COX**

### COUNT ONE

The UNITED STATES ATTORNEY charges:

1.  At times material to this Information:

    a.  To begin a bankruptcy case, a bankruptcy petition is filed in the United States Bankruptcy Court. People who file bankruptcy petitions are referred to as "debtors" under federal bankruptcy law.

    b.  Chapter 7 of the Bankruptcy Code (Title 11, United States Code) provides that debtors can obtain a fresh financial start through the discharge of certain types of debt. A debtor who receives a discharge has no further legal obligation to pay any debt that is discharged.

    c.  A debtor who files a Chapter 7 bankruptcy petition is required by law to fully disclose any and all interests he might have in any type of asset, including all real and personal property, whether or not the asset is held in the debtor's name, the name of another person for the benefit of the debtor, or held as collateral. A debtor is also required to disclose all liabilities and debts owed to creditors. The assets and liabilities of the debtor comprise the debtor's "bankruptcy estate."

      d.    A debtor's assets, liabilities, and other information are required to be disclosed in various "schedules" and a "statement of financial affairs." The debtor is required to declare the accuracy of the schedules and statement of financial affairs under penalty of perjury. The schedules and statement of financial affairs are required to be filed with the Bankruptcy Court.

      e.    In a debtor's schedules and statement of financial affairs, a debtor is required to disclose, among other things, all automobiles and vehicles that the debtor owns.

      f.    Filing a petition under Chapter 7 "automatically stays" most collection actions against the debtor and the debtor's property. The stay arises by operation of law, and requires no judicial action. As long as the stay is in effect, creditors generally may not initiate or continue lawsuits, wage garnishments, or even telephone calls demanding payments. The bankruptcy clerk gives notice of the bankruptcy case to all creditors whose names and addresses are provided by the debtor.

      g.    The debtor is required to sign the bankruptcy petition, attesting under penalty of perjury that the information contained in the petition is true and correct.

      h.    Upon the filing of a Chapter 7 petition, the U.S. Trustee appoints a case trustee to administer the case and liquidate the debtor's nonexempt assets.

      i.    Pursuant to Title 11, United States Code, Section 341, following the filing of a Chapter 7 petition, the debtor is required to attend and participate in a creditors' meeting with the trustee and any creditors that wish to attend. At the creditors' meeting, the debtor is required to answer, under oath, questions asked by the trustee or creditors regarding his bankruptcy petition, schedules, statement of financial affairs, and assets and liabilities.

j. On or about November 16, 2012, defendant JOSEPH W. CAMPBELL caused a Chapter 7 bankruptcy petition, with schedules and a statement of financial affairs ("bankruptcy petition"), to be filed in the United States Bankruptcy Court for the Northern District of Illinois, which he signed under penalty of perjury, thereby initiating the bankruptcy case: *In re Joseph W. Campbell*, case number 12-45422.

k. As of November 16, 2012, defendant CAMPBELL owned and possessed the following seven vehicles, which had a total value of approximately $294,000:

```
(1)   1966 Chevrolet Corvette
(2)   1971 Chevrolet Corvette
(3)   1978 Pontiac Firebird Trans Am
(4)   1981 DeLorean
(5)   1989 Pontiac Firebird Trans Am
(6)   1997 Dodge Viper
(7)   2003 Lamborghini
```

l. The titles for those seven vehicles were in defendant CAMPBELL's name, and he had physical possession, custody, and control of those vehicles at that time.

m. On or about August 13, 2013, defendant CAMPBELL sold the Lamborghini that he owned for approximately $122,000.

n. In or about the fall of 2013, defendant CAMPBELL stored the other six vehicles that he owned in a warehouse located in Wilmington, Illinois. On or about November 5, 2013, defendant moved those vehicles to Lockport, Illinois.

o. On or about November 15, 2013, agents from the Federal Bureau of Investigation seized the six vehicles that defendant owned (excluding the Lamborghini that had been sold), which included the 1966 Chevrolet Corvette, 1971 Chevrolet Corvette, 1978 Pontiac, 1981 DeLorean, 1989 Pontiac, and 1997 Dodge Viper.

3

2. Beginning in or about November 2012, and continuing through at least in or about December 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH W. CAMPBELL,

defendant herein, devised and intended to devise a scheme to defraud, which scheme is further described below.

3. It was part of the scheme to defraud that defendant CAMPBELL knowingly and fraudulently made materially false representations concerning his ownership of seven vehicles, and concealed his ownership of those vehicles from his creditors, the bankruptcy court, and the trustee in his bankruptcy case by: (1) materially understating the total amount of his assets, and intentionally failing to disclose his ownership of the seven vehicles in his bankruptcy petition; (2) lying under oath about his ownership of the vehicles in testimony that defendant provided during a creditors' meeting, a discovery deposition, and a bankruptcy court hearing; (3) selling the Lamborghini and spending the proceeds; and (4) moving the remaining six vehicles to various locations.

4. It was further part of the scheme that on or about November 16, 2012, defendant CAMPBELL filed a fraudulent Chapter 7 bankruptcy petition, with schedules and a statement of financial affairs, in the United States Bankruptcy Court for the Northern District of Illinois, which defendant signed under penalty of perjury. In his fraudulent petition, defendant attempted to discharge approximately $1,673,637 in unsecured, non-priority debt.

5. It was further part of the scheme that when filing his fraudulent bankruptcy petition, schedules, and statement of financial affairs, defendant CAMPBELL misrepresented the total amount of his assets by intentionally concealing his ownership of the seven vehicles.

4

Specifically, defendant CAMPBELL falsely represented in Schedule B of his bankruptcy petition, and in the Summary of Schedules, that his assets had a total value of approximately $67,000, when, in fact, defendant knew that he owned seven additional vehicles, which had a total value of approximately $294,000.

6. It was further part of the scheme that on or about February 15, 2013, during the creditors' meeting, defendant CAMPBELL falsely testified under oath that the information contained in his bankruptcy petition was true and correct, and that he had disclosed all of his assets. However, defendant CAMPBELL knew the information contained in his bankruptcy petition was not true and correct, because he had misrepresented the total amount of his assets, and had intentionally concealed his ownership of the seven vehicles, which had a total value of approximately $294,000.

7. It was further part of the scheme that on or about February 15, 2013, during the creditors' meeting, defendant CAMPBELL falsely testified under oath that he had sold his 1966 Chevrolet Corvette approximately two years earlier. As defendant knew, he had not sold that vehicle, and still had it in his possession.

8. It was further part of the scheme that on or about May 16, 2013, during a discovery deposition conducted by the United States Trustee's Office to determine whether defendant CAMPBELL owned any undisclosed assets, including the seven vehicles, defendant falsely testified under oath that he did not own any of the seven vehicles at that time, and that he had never owned, or had sold, those vehicles. As defendant knew, he did own the vehicles, and had owned them at all material times.

9. It was further part of the scheme that on or about August 13, 2013, defendant CAMPBELL sold the 2003 Lamborghini for approximately $122,000. Defendant CAMPBELL intentionally concealed his sale of the Lamborghini from his creditors, the bankruptcy trustee, and the bankruptcy court, and he used the proceeds from the sale for his own benefit.

10. On or about August 28, 2013, the bankruptcy judge, who was presiding over defendant CAMPBELL's bankruptcy case, issued an order directing defendant to turn over five of the vehicles he had concealed in his bankruptcy petition. It was further part of the scheme that, in direct violation of the bankruptcy judge's order, defendant CAMPBELL intentionally continued to maintain possession of the vehicles, and continued to conceal his ownership and possession of those vehicles from his creditors, the bankruptcy trustee, and the bankruptcy court.

11. It was further part of the scheme that on or about September 26, 2013, during a court hearing concerning the bankruptcy judge's order to turn over five vehicles, defendant CAMPBELL falsely testified under oath that he had sold those five vehicles. As defendant knew, he had not sold those five vehicles, and still had possession of them.

12. It was further part of the scheme that on or about November 5, 2013, after learning the bankruptcy trustee was seeking court authorization to access the garage in Wilmington, Illinois where defendant was storing six of the vehicles, defendant CAMPBELL moved the vehicles, in the middle of the night, to two locations in Lockport, Illinois, in order to conceal the vehicles and his ownership of them.

13.　On or about November 16, 2012, at Chicago, in the Northern District of Illinois, Eastern Division,

JOSEPH W. CAMPBELL,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, caused to be filed a Chapter 7 bankruptcy petition, with schedules and a statement of financial affairs, under Title 11, in the United States Bankruptcy Court for the Northern District of Illinois, thereby initiating the bankruptcy case *In re Joseph W. Campbell*, case number 12 B 45422;

In violation of Title 18, United States Code, Section 157(1).

## COUNT TWO

The UNITED STATES ATTORNEY further charges:

1. Paragraph 1 of Count One of this Information is incorporated here.

2. On or about November 16, 2012, at Chicago, in the Northern District of Illinois, Eastern Division,

JOSEPH W. CAMPBELL,

defendant herein, knowingly and fraudulently made a materially false declaration, certification, verification, and statement under penalty of perjury, in and in relation to a case under Chapter 7 of the Bankruptcy Code (Title 11, United States Code), namely, *In re Joseph W. Campbell*, 12 B 45422, in the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, in that defendant CAMPBELL falsely represented in Schedule B of his bankruptcy petition, and in the Summary of Schedules, that his assets had a total value of approximately $67,000, when, in fact, defendant knew that he owned seven additional vehicles, which had a total value of approximately $294,000;

In violation of Title 18, United States Code, Section 152(3).

_____
UNITED STATES ATTORNEY